UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

MERCEDES HOMES, INC., *et. al.*[1]

Debtors.
_______________________________________/

Chapter 11 Cases
Case No. 09-11191-BKC-PGH
Jointly Administered

JAMES S. FELTMAN, Creditor Trustee, on behalf of the Mercedes Homes Creditor Trust,

Plaintiff,

v.

ALLIANCE MATERIALS, INC.,

Defendant.
_______________________________________/

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

James S. Feltman, the Creditor Trustee (the "Trustee") for the Mercedes Homes Creditor Trust, successor to and representative of the administratively consolidated bankruptcy estates of above-captioned Debtors, pursuant to Sections 502(d), 547(b) and 550(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure, hereby sues Defendant, ALLIANCE MATERIALS, INC. (the "Defendant"), to avoid and recover preferential transfers made to or for the benefit of Defendant, and, in support thereof, Plaintiff alleges as follows:

[1] The debtors in the above captioned proceedings consist of Mercedes Homes, Inc. ("MHI") and subsidiaries: i) Space Coast Truss, Inc.; ii) Mercedes Homes of Texas Holding Corp.; iii) Suntree Office Complex, LLC; iv) Engineering and Drafting Services, Inc.; v) Mercedes Homes of the Carolinas, Inc. dba Mercedes Homes; vi) Solid

**THE PARTIES, JURISDICTION, AND VENUE**

1. On January 26, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code"), which cases are pending before the United States Bankruptcy Court for the Southern District of Florida (the "Court").

2. On September 30, 2009, this Court entered an Order (the "Confirmation Order") [D.E. # 1490], confirming the Debtors' First Amended Joint Plan of Reorganization (the "Plan") [D.E. # 1020]. As of October 21, 2009 (the "Effective Date"), all conditions to the effectiveness of the Plan set forth in Article 14.2 of the Plan have been satisfied or waived, and all transactions necessary for the Effective Date to occur have occurred in the sequence set forth in the *Stipulated Order Granting the Emergency Motion, Authorizing and Approving the Sequence of Transactions Necessary to Effectuate Debtors' First Amended Joint Plan of Reorganization [D.E. #1517]* [D.E. # 1543].

3. Pursuant to the confirmed Plan, the Plaintiff, on behalf of the Creditor Trust and as successor to the Debtors under 11 U.S.C. §1123, has the authority pursue, litigate or settle this adversary case.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O), and the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court in accordance with Fed. R. Bankr. P. 7008(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. All conditions precedent to the filing of this action have been performed, waived, satisfied or have occurred.

---

Wall Systems, Inc.; vii) MHI Holding Company, LLC; viii) Mercedes Homes of Texas, Ltd.; ix) MHI Building Products, L.P.; and x) Dairy Towns Community Developers, Inc.

## FACTS COMMON TO ALL CLAIMS

7. Prior to the Petition Date, the Defendant received from one or more transfers, including but not necessarily limited to those detailed in **Exhibit A**, which are at issue in this case (the "Transfers"). Exhibit A identifies, among other things, the Defendant's name, the particular Debtor who made each of the Transfers to Defendant, the check number or wire for each of the Transfers, the check clear date or wire date for each of the Transfers, the check or wire amount for each of the Transfers, the vendor code assigned by the Debtors for the Defendant and the bank account number where each of the Transfers originated. Each of the Transfers listed on Exhibit A was made from a bank account that was property of the particular Debtor identified on Exhibit A.

8. The Debtor or Debtors listed on the attached Exhibit "A" made the Transfers to the Defendant on or within ninety (90) days prior to the Petition Date.

## COUNT I
## AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(B) AND 550(A)

Plaintiff sues Defendant and alleges:

9. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 8 as if fully set forth herein.

10. This is an action by Plaintiff against Defendant to avoid and recover preferential transfers made to or for the benefit of Defendant pursuant to 11 U.S.C. §§ 547(b) and 550(a).

11. The Transfers at issue constituted transfers of the particular Debtor's interest in property.

12. The Transfers were made:

    a.  to or for the benefit of the Defendant, who, at all relevant times, was a creditor of the Debtor who made the particular Transfer;

    b.  for or on account of an antecedent debt owed by the particular Debtor to the Defendant before such Transfers were made; and

    c.  while the Debtor was insolvent.

  13.  The Transfers to the Defendant enabled the Defendant to receive more than it would have received if:

    a.  this case were a case under Chapter 7 of the Bankruptcy Code;

    b.  the Transfers had not been made; and

    c.  the Defendant received a payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

  14.  By reason of the foregoing, the Transfers are avoidable by Plaintiff on behalf of the estate pursuant to 11 U.S.C. § 547(b).

  15.  Plaintiff is entitled to recover the amount or value of the Transfers from the Defendant pursuant to 11 U.S.C. § 550(a).

  WHEREFORE, Plaintiff demands the entry of judgment against the Defendant: (i) avoiding the Transfers to the Defendant pursuant to 11 U.S.C. § 547(b); (ii) awarding a money judgment to Plaintiff in an amount equal to the amount of the Transfers pursuant to 11 U.S.C. § 550(a); (iii) awarding pre-judgment interest; (iv) disallowing any claim that the Defendant may have against the Debtors' bankruptcy estates until such time as the Defendant pays the Transfers asserted herein as provided in 11 U.S.C. § 502(d); and (v) awarding any other relief the Court deems appropriate.

Dated on this 17th day of January, 2011.

GENOVESE JOBLOVE & BATTISTA, P.A.
*Counsel for Plaintiff*
Miami Tower
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By: /s/ Marilee A. Mark
Marilee A. Mark, Esq.
Fla. Bar No. 0725961
mmark@gjb-law.com